IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 15 2018

DOUGLAS F. YOUNG, Clerk
By
　　　Deputy Clerk

PARKER LAW FIRM AND
TIM PARKER                                                                     Plaintiffs

v.                        No. 18-5080 TLB

THE TRAVELERS INDEMNITY COMPANY                             Defendants
AND PS FINANCE, LLC

## COMPLAINT

Come Now the Plaintiffs Parker Law Firm and Tim Parker by and through their attorney, Tim Parker of Parker Law Firm, for their Complaint against the Defendants Travelers Insurance Company and PS Finance, LLC state as follows:

1. Parker Law Firm is a law firm with a physical address of 104 Spring Street, Eureka Springs, Carroll County, Arkansas 72632. For all purposes associated with this action, Parker Law Firm is a resident of Carroll County, Arkansas. Parker Law Firm provides legal services in the State of Arkansas. Its sole attorney, Plaintiff Tim Parker, is licensed to practice law in the States of Arkansas, Tennessee and Missouri. Tim Parker is also a resident of Carroll County, Arkansas.

2. Defendant The Travelers Indemnity Company ("Travelers) is a resident of the State of Connecticut where it is domiciled and has its principal place of business with an address of One Tower Square, Hartford Connecticut 06183. Travelers is licensed to do and doing business in the State of Arkansas. Travelers has agents located in Carroll

County, Arkansas that sell insurance policies on its behalf. According to the Arkansas Insurance Department its Registered Agent for Service of Process is Ernest J. Wright, One Tower Square, Hartford, Connecticut 06183.

3. PS Finance, LLC ("PSF") is a New York Corporation with its principal place of business located in Staten Island, New York. According to the Department of State of the State of New York, its listed agent for service of process is David J. Heymann, of the law firm of Post, Heymann & Koffler, Two Jericho Plaza, Wing A, Suite 211, Jericho, New York 11753. PSF is named as a party to this action because it is likely to claim an interest in the subject litigation and in its absence complete relief may not be afforded to all parties. Because PSF is claiming damages due to money it claims passed through Parker Law Firm, this court has *In Rem or Quasi In Rem* jurisdiction over PSF.

3. This complaint contains claims for breach of contract, violations of the Arkansas Deceptive Trade Practices Act, the Arkansas Insurance Code Trade Practices Act and for injunctive relief compelling Travelers to provide a legal defense and/or coverage to its insured, Parker Law Firm and Tim Parker for litigation filed against them in the State of New York.

4. The insurance policy at issue was sold by Travelers to Parker Law Firm and Tim Parker through its authorized representative, Bare and Swett Insurance, which has an office address of 105-G Passion Play Road, Eureka Springs, Arkansas 72632. The sale of the insurance policy at issue and the payment of all premiums occurred in Eureka Springs, Carroll County, Arkansas.

5. This is a lawsuit where the amount in controversy exceeds one hundred thousand dollars ($100,000.00) and involves citizens of different states. There is

complete diversity between the plaintiffs all of whom are Arkansas residents and the defendants who are a residents of the State of Connecticut and New York. Because PSF is claiming damages due to money it claims passed through Parker Law Firm, this court has *In Rem or Quasi In Rem* jurisdiction over PSF. This court has personal jurisdiction over all parties in this action. This court has subject matter jurisdiction pursuant to 28 USC § 1332. Venue is proper in the Fayetteville Division of the United States District Court, Western District of Arkansas. Venue is proper in the Fayetteville Division of this court pursuant to the provisions of 28 USC § 1391.

## Factual Background

6. In 1999 Parker Law Firm was formed. It has been in business at 104 Spring Street, Eureka Springs, Arkansas since that time, offering legal services to the public primarily through attorney Tim Parker. Throughout this time, it has been continually insured by Travelers under what Travelers has described as "A Custom Insurance Policy Prepared for Parker Law Firm, LTD, Tim S. Parker, P.O. Drawer 470, Eureka Springs, Ar. 72632". For all years beginning in 1999 through the current date, Tim Parker and Parker Law Firm have paid good and valuable consideration in the form of insurance premiums for this insurance coverage... and sense of security.

7. A copy of the current policy of insurance and corresponding declarations pages issued by Travelers to Parker is attached hereto as "Exhibit A" and is incorporated by reference as if set out fully herein. Based upon information and belief, the same policy was in effect from January 1, 2012 to the current date.

8. In 2017 Tim Parker and Parker Law firm were sued in Staten Island, New York in Richmond County Supreme Court by PS Finance, ("PSF") a New York based

company in the case styled <u>PS Finance, LLC v. Eureka Woodworks, Inc., et al</u>, Index No 150833/2017. The legal action alleged that Tim Parker and/or Parker Law Firm in 2012 gave to their clients, Harry Wilk and Eureka Woodworks, Inc. sums of money and/or checks that PSF claimed represented money owed to it by virtue of a lien or other encumbrance it claimed to monies from any "verdict settlement or judgment" that Harry Wilk and/or Eureka Woodworks, Inc. obtained against British Petroleum Company, the Gulf Coast Claims Commission or the Deepwater Horizon Economic and Property Settlement Program (Collectively, "BP") which administered claims arising out of the Deepwater Horizon Oil spill that occurred in the Gulf of Mexico on or about April 20, 2010 when the Deepwater Horizon Oil rig exploded, dumping extreme amounts of water into the Gulf of Mexico. ("The Deepwater Horizon Incident"). Eureka Woodworks, with headquarters and principal place of business in Dallas, Texas suffered economic damages as a result of that oil spill.

9. Copies of the Summons and key documents in the legal paperwork that was served upon Tim Parker and Parker Law Firm entitled "Memorandum Brief in Support of Motion for Summary Judgment in Lieu of Complaint" and the contract upon which it is ostensibly based are attached hereto as "Exhibit B" and "Exhibit B-1" and are incorporated by reference as if set out fully herein.

10. Pursuant to the language of its very own contract, specifically page 3, paragraph 2, PSF was to be repaid by Eureka Woodworks, Inc ("Eureka Woodworks") out of any money obtained from any "judgment, settlement or verdict" obtained by Eureka Woodwork, from BP. In fact, Eureka Woodworks never received any monies from "judgment settlement or verdict" from BP. Page 3, paragraph 3 (b) further states in

partially bold face type that " .... in the event there is no recovery from settlement, judgment or verdict in this Action, **Plaintiff will owe no money to PSF and Plaintiff will have no liability whatsoever to PSF**." Parker Law Firm agreed to withhold money from any "judgment, settlement or verdict" that might be owed by Eureka Woodworks to PSF.

11. Eureka Woodworks never obtained or received any "judgment, settlement or verdict" against BP and thus never received any money by judgment, settlement or verdict against BP. In fact, its claim was eventually dismissed as well as any and all appeals of its claim for the reason that Eureka Woodworks with its headquarters and principal place of business located in Dallas, Texas was outside the geographic area or "eligibility zone" for settlement of claims related to the Deepwater Horizon Oil Spill. A copy of the Denial Notice from Deepwater Horizon Claims Center dated April 18, 2013 is attached hereto as Exhibit C and is incorporated by reference as if set out fully herein. Accordingly, it is the logical and legal position of Tim Parker and Parker Law Firm that no money was ever received from Eureka Woodworks as a result of any "judgment, settlement or verdict" on its claims against BP. Notwithstanding that fact, Tim Parker and Parker Law Firm were nevertheless sued by PSF in the aforementioned Richmond County New York Supreme Court legal action. Significantly, although Eureka Woodworks did sign off on a forum selection clause agreeing that any action against it could be brought in the State of New York, neither Tim Parker nor Parker law firm signed off on any such consent to jurisdiction in New York, nor did they agree to arbitrate any claims against them.

12. After receiving the New York legal papers from the private process server hired by PSF, Tim Parker timely delivered the lawsuit paperwork to insurance agent Chris McClung of Bare and Swett insurance agency and requested that a defense and coverage be provided by Travelers to Tim Parker and Parker law Firm. He shortly thereafter on April 20, 2017 wrote a letter to Mr. McClung confirming delivery of the New York lawsuit papers to McClung's Bare and Swett office. A copy of that letter is attached hereto as Exhibit D and is incorporated by reference as if set out herein.

13. McClung expeditiously forwarded the letter and lawsuit papers on to Travelers which thereafter denied its obligation to provide either coverage or a defense.

14. On May 29, 2017 Tim Parker again wrote to Chris McClung again demanding that Travelers provide coverage and a defense. A copy of that letter is attached hereto as "Exhibit E" and is incorporated by reference as if set out fully herein.

15. On June 6, 2017 Ira J., Cooper of Travelers wrote to Tim Parker denying coverage or the obligation to provide a defense. A copy of that letter is attached hereto as "Exhibit F" and is incorporated by reference as if set out fully herein.

16. Following the refusal of Travelers to honor the language of its own policy and provide coverage and a legal defense to them, Tim Parker and Parker Law Firm hired New York counsel to represent them in that case. Both sides moved for Summary Judgment. The presiding judge, Hon. Orlando Marrazzo, denied all motions for summary judgment and dismissed the New York case stating that his court did not have jurisdiction at this juncture. He also directed the parties to arbitration. A copy of his Order dated December 14, 2017 is attached hereto as "Exhibit G" and is incorporated by reference as if set out fully herein.

17. It is the position of PSF in its New York legal actions that Tim Parker and/or Parker Law Firm distributed money to Eureka Woodworks and/or its President Harry Wilk that belonged to PSF by virtue of the contract forming the basis of its New York legal action. Tim Parker and Parker Law Firm vehemently disagree for the simple reason that this money did not come from any "Judgment, Settlement or Verdict" obtained by Eureka Woodworks from BP. Notwithstanding this fact, PSF nevertheless has made a claim in New York to this money or a significant portion thereof.

18. The Travelers policy with Parker Law Firm contains language of Traveler's own choosing drafted by itself, its employees or professionals, including attorneys or insurance specialists. Accordingly, any terms or provisions in that policy that are vague or ambiguous should be interpreted against Travelers as a matter of law. Moreover, the plain language of those provisions of the policy that favor coverage to Parker Law Firm and/or Tim Parker should be strictly enforced against Travelers.

19. Significantly, and importantly, Page 1 of 39, Paragraph 1 b of the Travelers custom policy defines covered personal property to include "Property of others that is in your care custody and control" as well as "Money and Securities."

20. The New York lawsuit of PSF is specific, at least in part. It is the position of PSF that the Tim Parker and/or Parker Law Firm gave money including that represented by checks issued by BP to Harry Wilk and/or Eureka Woodworks that PSF claims was the property of PSF. While Tim Parker and Parker Law Firm vehemently deny these accusations and claims they nevertheless represent the position of PSF in the New York legal proceedings.

7

21. Neither Tim Parker nor Parker Law Firm ever provided legal representation to PSF. Accordingly, the claim of PSF is not based upon any breach of a professional duty regarding professional services owed by Tim Parker or Parker Law Firm to PSF.

22. To date, Travelers has failed and refused to provide either a legal defense or coverage to Tim Parker or Parker Law Firm. As a matter of law the duty to provide a defense is different and distinct from the duty to pay damages.

23. To date, Tim Parker and Parker Law Firm have incurred attorney's fees approaching twenty thousand dollars ($20,000.00) in defending the New York lawsuit and the upcoming arbitration. PSF is requesting damages approaching five hundred thousand dollars ($500,000.00) in those proceedings.

24. It is also the position of both Tim Parker and Parker Law Firm that they are not subject to personal jurisdiction in New York courts nor have they agreed to be bound by arbitration for the reason that they signed no agreements consenting to jurisdiction in New York or to arbitration nor do they have the necessary minimum contacts with New York so as to permit a New York court to exercise personal jurisdiction over them. Accordingly, they need a legal defense for these reasons also.

### Cause of Action No. 1
### Breach of Contract

25. Paragraphs one (1) through twenty-four (24) are realleged and incorporated by reference as if set out fully herein.

26. Tim Parker and/or Parker Law Firm paid good and valuable consideration for the insurance policy and contractual policy of insurance issued to them by Travelers.

27. To date, Travelers has failed and refused to honor its contractual obligation under the aforementioned insurance contract and is accordingly in breach of that contractual agreement.

28. As a direct proximate result of this breach by Travelers, Tim Parker and Parker Law Firm have incurred and will in the future continue to incur injuries and damages including any judgment rendered against them in New York, their attorneys fees, court costs, time lost from work, litigation expenses, and lost profits from legal work that would otherwise be getting performed in Arkansas and Missouri, out of pocket expenses, travel expenses, emotional distress and all other damages recoverable at law.

### Cause of Action No. 2
### Violation of Arkansas Deceptive Trade Practices Act, ACA § 4-88-101, et seq.

29. Paragraphs one (1) through twenty-eight (28) are realleged and incorporated by reference as if set out fully herein.

30. The failure of Travelers to honor the contractual provisions contained in its very own insurance policy issued to Tim Parker and Parker Law Firm violates the Arkansas Deceptive Trade Practices Act including ACA § 4-88-107 in that it constitutes the prohibited conduct of engaging in unconscionable, false or deceptive acts or practices in business, commerce or trade.

31. As a direct, proximate result of the actions and conduct of Travelers, Tim parker and Parker Law Firm have incurred injuries and damages to which they are entitled to compensation including any judgment rendered against them in New York, their attorneys fees, court costs, time lost from work, litigation expenses, and lost profits

from legal work that would otherwise be getting performed in Arkansas and Missouri, emoyional distress and all other damages recoverable at law.

### Cause of Action No. 3
### Violation of Arkansas Insurance Code Trade Practices Act
### ACA § 23-66-201, et seq

32. Paragraphs one (1) through thirty-one (31) are realleged and incorporated by reference as if set out fully herein.

33. The actions of Travelers in denying coverage and a defense to Tim Parker and Parker Law Firm amounts to a misrepresentation of pertinent facts and/or insurance policy provisions relating to the coverage for the New York litigation by PSF that are clearly covered by the language of the Travelers policy owned by Tim Parker and Parker Law Firm and instead denying the claim thus forcing Tim parker and Parker Law Firm to initiate this litigation to enforce the coverage provisions as well as the duty and obligation of Travelers to provide a defense to the New York litigation.

34. As a result, Travelers is in violation of the Arkansas Insurance Code Trade Practices Act ACA § 23-66-201, et seq.

35. As a direct proximate result of the actions of Travelers, Tim parker and Parker Law Firm have sustained and will continue to sustain injuries and damages to which they are entitled to compensation including any judgment rendered against them in New York, their attorneys fees, court costs, time lost from work, litigation expenses, and lost profits from legal work that would otherwise be getting performed in Arkansas and Missouri, emotional distress and all other damages recoverable at law.

### Cause of Action No. 4
### Request for Delaratory Judgment and Injunctive Relief
### Compelling Travelers to Provide a Defense to Plaintiffs
### And Pay Any Claims of PSF

36. Paragraphs one (1) through thirty-five (35) are realleged and incorporated by reference as if set out fully herein.

37. Based upon the language of the Travelers policy with Parker Law Firm and Tim Parker, the claims of PSF are covered and should be paid by Travelers in the event Tim Parker or Parker Law Firm are held liable or accountable on the claims of PSF.

38. As a matter of law, the obligation of an insurer to provide a defense to its insured and the obligation to pay claims against of third parties against its insured are separate and distinct legal obligations.

39. To date, Travelers has failed and refused to provide either Tim Parker or Parker Law Firm with a legal defense in the New York litigation and/or arbitration.

40. Tim Parker and Parker Law Firm request an order from this court compelling Travelers to provide a defense to them in the New York litigation, including the currently pending arbitration before the American Arbitration Association as well as to pursue all other available legal remedies in defense of the claims of PSF.

Wherefore, premises considered, Tim Parker and Parker Law Firm pray for judgment against the defendants for the relief requested herein, for its attorneys fees, court costs, statutory penalties, damages awarded against them in any actions or legal proceedings by PSF, for the attorney time of Tim Parker in handling the New York litigation, litigation expenses, for an order compelling Travelers to provide Tim Parker and Parker Law Firm a defense to all legal actions by PSF including the arbitration before the American Arbitration Association and for all other just and proper relief.

Respectfully submitted,
Tim Parker and Parker Law Firm

By: *[signature]*

Tim Parker #91112
Parker Law Firm
104 Spring Street
P.O. Box 470
Eureka Springs, Arkansas 72632
PH: 479-253-8732
Fax: 479-253-8539
*parkerlawfirm@sbcglobal.net*