IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PARKER LAW FIRM and
TIM PARKER                                                                PLAINTIFFS

V.                           CASE NO. 5:18-CV-5080

THE TRAVELERS INDEMNITY COMPANY and
PS FINANCE, LLC                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are:

- The Travelers Indemnity Company's ("Travelers") Motion to Dismiss (Doc. 12) and Brief in Support (Doc. 13); Parker Law Firm's and Tim Parker's Response in Opposition (Doc. 17), Brief in Opposition (Doc. 18), and Supplemental Response and Brief in Opposition (Doc. 19); and Travelers' Reply (Doc. 26);

- Parker Law Firm's and Tim Parker's Motion for Default Judgment Against Separate Defendant PS Finance, LLC ("PSF") (Doc. 30); and

- Parker Law Firm's and Tim Parker's Motion for Summary Judgment Against All Defendants (Doc. 32), Memorandum Brief in Support (Doc. 33), and Statement of Uncontested Material Facts in Support (Doc. 34).

For the reasons given below, the Motion to Dismiss is **GRANTED**, the Motion for Default Judgment is **DENIED**, the Motion for Summary Judgment is **MOOT**, and the Complaint is **DISMISSED WITHOUT PREJUDICE.**

1

## I. BACKGROUND

In early 2017, Tim Parker and the Parker Law Firm were sued by PSF in the Richmond County Supreme Court in Staten Island, New York. PSF, a litigation-financing company, claimed that Mr. Parker and his law firm breached their contract, breached the covenant of good faith and fair dealing, and breached their fiduciary duty, by failing to pay PSF settlement funds that a Parker Law Firm client received through litigation that PSF had financed. After being served with the lawsuit papers, Mr. Parker delivered them to Travelers, with whom the Parker Law Firm had an insurance policy, and asked Travelers to provide coverage and a defense in the lawsuit. Travelers denied this request, on the grounds that the policy does not provide coverage for that type of event, and does not give rise to any duty to defend against that type of claim. Near the end of 2017, the Richmond County Supreme Court directed the parties in that lawsuit to arbitration. For clarity, that lawsuit and the subsequent arbitration will be referred to as "the New York Litigation" throughout this Opinion and Order.

Half a year after those parties were directed to arbitration, Mr. Parker and the Parker Law Firm filed a Complaint in *this* Court against Travelers and PSF. Their Complaint asserts four causes of action against Travelers: breach of contract, violation of the Arkansas Deceptive Trade Practices Act ("ADTPA"), violation of the Arkansas Insurance Code Trade Practices Act, and a request for declaratory and injunctive relief compelling Travelers to provide a defense to them and to pay any of PSF's claims against them. All four of these counts concern Travelers' denial of Mr. Parker's and his law firm's request for coverage and defense in the New York Litigation. Essentially, they all boil down to the same contention: that Travelers is obligated under their insurance policy to

provide coverage and a defense, and that by refusing to do so, Travelers has harmed them. Travelers has filed a Motion to Dismiss (Doc. 12) all of these claims against it under Fed. R. Civ. P. 12(b)(6). That Motion has been fully briefed and will be discussed below,[1] but first the Court will quickly take up the matter of PSF's role in this case.

Although Mr. Parker's and his law firm's Complaint also names PSF as a defendant, it does not identify any specific cause of action or claim against PSF. *See* Doc. 1, ¶¶ 25–40. Instead, it explains simply that "PSF is named as a party to this action because it is likely to claim an interest in the subject litigation and in its absence complete relief may not be afforded to all parties." *Id.* at ¶ 3. It further asserts that this Court has *in rem* or *quasi in rem* jurisdiction over PSF because, in the New York Litigation, PSF claimed damages "due to money it claims passed through Parker Law Firm." *See id.* To date, no attorney has entered an appearance on behalf of PSF in this Court, and PSF has not filed any motion or pleading in response to the Complaint in this case.

Mr. Parker and his law firm have filed a Motion for Default Judgment against PSF under Fed. R. Civ. P. 55, asking that "default judgment be entered against [PSF] to the effect that the Plaintiffs owe nothing to [PSF]" under the litigation-financing contract that is the subject of the New York Litigation. *See* Doc. 30, ¶ 6. The Court is perplexed by this request, given that the Complaint itself never seeks this (or any other) relief against PSF and, indeed, quite literally fails to state any claim at all against PSF. Neither the Motion for Default Judgment nor its Brief in Support identifies any paragraph or cause of

---

[1] A hearing on the Motion to Dismiss was initially set to be held on August 22, 2018. *See* Doc. 28. However, the Court has concluded that oral argument would be fruitless, as the written record in this case already contains all the information the Court needs to decide this Motion.

3

action in the Complaint on which the requested relief is predicated. Therefore, the Motion for Default Judgment will be **DENIED**. With that matter out of the way, the Court will return to the Motion to Dismiss filed by Travelers.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of the Complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

## III. DISCUSSION

Here, the plaintiffs contend that the following provision of the insurance policy provides coverage for the money that PSF seeks to recover from Mr. Parker and his law firm in the New York Litigation:

### A. COVERAGE

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.
>
> **1. Covered Property**
>
> . . .
>
> **b.** **Business Personal Property** located in or on the buildings described in the Declarations or in the open (or in a vehicle) within 1,000 feet of the described premises, including:
>
> . . .
>
> **(2)** Property of others that is in your care, custody or control;
>
> . . .
>
> **(4)** "Money" and "Securities".

See Doc. 1, ¶ 19; Doc. 1-1, p. 12. There are two fatal pleading deficiencies under this theory of coverage. First, the Complaint never alleges that the money at issue was "located in or on" the relevant "buildings" or otherwise "in the open (or in a vehicle) within 1,000 feet of the described premises." Second, and perhaps more to the heart of the matter, the Complaint does not allege that the money at issue was "physical[ly] los[t] . . . or damage[d]." Rather, it alleges that the money was voluntarily paid by the plaintiffs to a client of the Parker Law Firm. See Doc. 1, ¶ 17. And lest there be any confusion as to whether the policy's words "loss" and "damage" contemplate something other than their

5

ordinary meanings, the policy explicitly states in its "EXCLUSIONS" section that "2. We will not pay for loss or damage caused by or resulting from any of the following: . . . i. Voluntary parting with any property by you or anyone else to whom you have entrusted the property." *See* Doc. 1-1, pp. 33, 35, 36. In sum, the plaintiffs have failed to allege any facts showing that they are entitled to coverage under their insurance policy with Travelers for the funds that are the subject of the New York Litigation. Indeed, under the facts they have alleged, it would seem quite clear that they are *not*.

The Complaint also fails to allege any facts showing that the plaintiffs are entitled to a defense by Travelers in the New York Litigation. With respect to claims for "property damage," the plain language of the policy only gives rise to a duty to defend where the alleged damage is "caused by an 'occurrence,'" which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Doc. 1-1, pp. 70, 83. As for claims of "personal and advertising injury," none of PSF's claims in the New York Litigation are among the categories listed in the policy as giving rise to a duty to defend. *See id.* at 74, 83 (duty to defend against claims of false arrest, malicious prosecution, wrongful eviction, libel, slander, invasion of privacy, and various types of intellectual property infringement through advertisement). And the policy explicitly excludes from its liability coverage "property damage" and "personal injury" that arises out of "[t]he rendering of or failure to render professional legal services by or on behalf of any insured." *See id.* at 117.

Assuming the facts alleged in the Complaint are true, Travelers has no duty to provide coverage or a defense to Mr. Parker or his law firm with respect to the matters in the New York Litigation. The Complaint therefore fails to state a claim for breach of

contract. The Complaint likewise fails to state a claim under the ADTPA, as the only factual predicate alleged in support of that claim is "[t]he failure of Travelers to honor the contractual provisions contained in its very own insurance policy." *See* Doc. 1, ¶¶ 30–31. And since the Complaint's request for declaratory and injunctive relief is similarly premised entirely on the aforementioned insurance policy, *see id.* at ¶¶ 36–40, the Complaint fails to state a claim that Mr. Parker and his law firm are entitled to any such declaratory or injunctive relief.

The only remaining cause of action listed in the Complaint is violation of the Arkansas Insurance Code Trade Practices Act. *See id.* at ¶¶ 32–35. But while this Act "gives the state authority to establish rules of conduct and to punish offenders, it provides no private right of action to insureds for violations of the Act." *Design Prof'ls Ins. Co. v. Chi. Ins. Co.*, 454 F.3d 906, 911–12 (8th Cir. 2006); *see also* Ark Code Ann. § 23-66-202(b) ("[N]o provisions of this subchapter are intended to establish or extinguish a private right of action for a violation of any provision of this subchapter."). And even if it *did* provide a private right of action, the plaintiffs would have failed to state a claim under it, as this portion of their Complaint, like all the others, is premised entirely on "[t]he actions of Travelers in denying coverage and a defense" under an insurance policy that provides no obligation on the part of Travelers to provide either of those things under the alleged facts.

## IV. CONCLUSION

To summarize the foregoing, then: the Complaint in this case fails to allege facts sufficient to support any claim against Travelers by Mr. Parker or his law firm. And it fails to state any claim at all against PSF. **IT IS THEREFORE ORDERED** that The Travelers

Indemnity Company's Motion to Dismiss (Doc. 12) is **GRANTED**, and the Parker Law Firm's and Tim Parker's Motion for Default Judgment (Doc. 30) is **DENIED**. Since there are no remaining claims in this case, the Parker Law Firm's and Tim Parker's Motion for Summary Judgment (Doc. 32) is **MOOT**, and their Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 21st day of August, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE